Territorial Law Library

## IN THE SUPERIOR COURT
## OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM,  )<br>  )<br>     Plaintiff,  )<br>    v.  )<br>  )<br>KESNER RASAUO,  )<br>  )<br>     Defendant.  ) | Criminal Case No. CM1207-08<br><br>**DECISION AND ORDER**<br>re: motion to dismiss |

This matter came before the Honorable Judge Michael J. Bordallo on June 30, 2009. The People were represented by Assistant Attorney General Shane F.T. Black. Defendant was represented by Attorney Maria G. Fitzpatrick. Having held a hearing and reviewed the memorandum and papers presented, the court now issues the following decision denying Defendant's motion.

### BACKGROUND

On December 29, 2008, the People filed a Complaint accusing Defendant of: Driving Under the Influence of Alcohol (B.A.C.), a Misdemeanor and Driving While Under the Influence of Alcohol, a Misdemeanor. The Complaint alleges that Defendant committed the above acts on April 13, 2008. The record in this file contains a document entitled Citation and Notice to Appear which was signed by the arresting officer and Defendant. The document that indicates: 1) that Defendant was arrested on April 13, 2008 for Driving Under the Influence; 2) that Defendant is to appear at the Superior Court of Guam, on April 1, 2009, at 9:00 a.m., or sooner upon summons; and 3) that Defendant promises to appear at the time and date indicated. Pursuant to the promise to appear, Defendant appeared on April 1, 2009 and was arraigned on the charges set forth in the Complaint. No summons was ever filed by the people, issued/signed by the court, or served upon the Defendant.



## DISCUSSION

Defendant has filed a motion requesting that this case be dismissed. In support of his motion Defendant argues that his organic right to a speedy trial and statutory right to prompt arraignment were violated. He argues that the three month time period which elapsed between when the complaint was filed and the arraignment, was unjustified and wasted judicial resources and that the People should have been required to summon the Defendant into court sooner. Defendant requests that the court apply a constructive arraignment date 14 days from the date of the complaint was filed and that from that date the court apply 60 day speed trial statute.

The People oppose Defendant's motion. They assert that a three month lapse is a typical time period for which summons are issued by the court and that by filing a complaint and a notice to appear, the People complied with Guam's statutory requirements. They argue that the arraignment was prompt and that applying a constructive arraignment date, as urged by Defendant, would be inappropriate because the authority for it arises out of a different statutory scheme.

Excluding those instances where a person has been arrested upon a warrant and subsequent to a police officer making an arrest, the Guam Code allows an officer to release the arrested person so long as he executes a notice to appear. 8 Guam Code Ann. § 25.10(a) (2008). The officer's discretion is trumped by a person's demand to see a judge or assertion of his right to speedy trial. *Id*. at § 45.10. The Guam Code provides that subsequent to arrest a person may demand to be brought be fore a judge within 48 hours of his arrest. *Id*.

Section 10.70 of Title 8 of the Guam Code provides that "[a] prosecution is commenced when . . . a complaint is filed. " *Id*. at §10.70. From the time a compliant is filed a person's speedy trial rights are protected by two statutes: Sections 60.10 and 80.60 of

Title 8. The most time-limit specific of these two statutes is Section 80.60.[1] The time limit in Section 80.60 doesn't commence until arraignment. *Id.* at 80.60. Section 60.10 of the Guam Code provides,

> (a) The defendant shall be arraigned promptly after the indictment or information is filed or after the complaint is filed where prosecution by complaint is required by § 1.15.
> (b) Arraignment shall be conducted in open court and shall consist of reading the indictment, information or complaint to the defendant or stating to him the substance of the charge and calling on him to plead thereto. The defendant shall be given a copy of the indictment, information or complaint before he is called upon to plead.[2]

---

[1] Section 80.60 of Title 8 provides,
> (a) Except as otherwise provided in Subsection (b), the court shall dismiss a criminal action if:
>> (1) An information is not filed or an indictment returned within the time prescribed by §§ 45.45, 45.50 and 45.80;
>> (2) The trial of a defendant, who is in custody at the time of his arraignment, has not commenced within forty-five (45) days after his arraignment; or
>> (3) The trial of a defendant, who is not in custody at the time of his arraignment, has not commenced within sixty (60) days after his arraignment.
> (b) A criminal action shall not be dismissed pursuant to Subsection (a) if:
>> (1) The action is set on a date beyond the prescribed period upon motion of the defendant or with his consent, express or implied, and he is brought to trial on the date so set or within ten (10) days thereafter;
>> (2) The defendant failed to appear for trial and he is brought to trial within thirty (30) days following his next appearance in the trial court; or
>> (3) Good cause is shown for the failure to commence the trial within the prescribed period.

8 Guam Code Ann. §80.60 (2008).

[2] The Statute's Compiler's note contains the following:
> Section 60.10 does not provide a specific time for arraignment but rather requires a prompt arraignment and relies on the general rule against unreasonable delay and a right to a speedy trial. See § 1.11. It might be noted, however, that § 45.30 does not permit the defendant to be required to plead at his first appearance. A

Page -3-

8 Guam Code Ann. §60.10. (2008) (footnote inserted).

In this case the salient issue is the interpretation of the word "prompt" in Section 60.10. *Id.* Absent a criminal rule defining it or the Guam Supreme Court interpreting it, noteworthy to the court's analysis is the time limit for service in a civil action. Guam R. Civ. P. 4(m) (2008). Subsequent to the filing of a complaint Guam's civil rules require that the other party be served within 180 days. *Id.*

Although not specific to the issue of promptness, the Guam Supreme Court analyzed the merits of a cause challenge associated with the delay to a defendant's right to speedy trial, in 2007 and 1998. *Nicholson v. Superior Court of Guam,* 2007 Guam 9, ¶¶11-22 (Sup. Ct. Guam 2007); *Carver v. Superior Court of Guam*, 1998 Guam 23, ¶11 (Sup. Ct. Guam 1998). In *Carver* the Guam Supreme Court held that whether good cause lies for a speedy trial delay is "within the discretion for the trial court." *Carver v. Superior Court*, 1998 Guam 23 ¶11 (Sup. Ct. Guam 1998). Nine years later in *Nicholson* the Court explained,

> [w]e held for several reason in *Carver* that the petitioner's speedy trial rights were not violated. First, the petitioner filed the motion to dismiss initiating the delay. Second, the motion was to petitioner's benefit because if granted, the motion would result in the dismissal of several charges against him. Third, the trial court worked diligently to promptly dispose of the motion.

*Nicholson*, at 18. The right to speedy trial was designed to protect the three interests: (1) to prevent oppressive pretrial incarceration; (2) to minimize anxiety and concern of the accused; and (3) to limit the possibility that the defense will be impaired. Of these three interests, "the most serious is the last, because the inability of a defendant adequately to prepare his case skews the fairness of the entire system." *Id.*

In this case approximately 93 days elapsed between when the People filed their

---

reasonable period for consultation with counsel should be provided in every case.

Complaint and when the Defendant was arraigned. Defendant argues that he was prejudiced in this matter because he was not able to arrange for a global plea of his other charged offenses.

The court is troubled by the People's behavior in this matter. It is further cognizant that in all instances the People should be required to minimize the level of anxiety and concern that is associated with a Defendant's waiting for arraignment. However in this case the court is unable to find that the Defendant suffered any prejudice. The court is unwilling to find prejudice in unspecified possibilities; being precluded from a possible and favorable global plea deal. Furthermore, although the Defendant was perhaps unaware of the filing of the complaint, he was not unaware of the arrest nor of his decision to postpone his possible arraignment at the time of his arrest.

## CONCLUSION

For the reasons above Defendant's motion to dismiss is denied.

SO ORDERED this ___10th___ day of July 2009.



Honorable Michael J. Bordallo
Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full, true and correct copy of the original on file in the office of the Clerk of the Superior Court of Guam.
Dated at Hagåtña, Guam.

JUL 1 0 2009

Ryan T. Balajadia
Deputy Clerk, Superior Court of Guam